KNOLL, Judge,
concurring.
I agree that the language of LSA-R.S. 28:54(C) does not require the presence of the patient at a commitment hearing. It simply states that the person is entitled to notice that he has “a right to be present at the hearing....” A patient may waive his right to be present, but the patient in the present case did not. Commitment of Malvo, 343 So.2d 1178 (La.App. 3rd Cir.1977), writ denied, 346 So.2d 207 (La.1977). Also, judicial commitments of the mentally ill and interdiction of incompetents may meet due process standards, even when physical presence. is impractical or when the ability to communicate with counsel is lacking. See, State in Interest of A.E., 448 So.2d 183 (La.App. 4th Cir.1984). However, in a situation where the absence of the person sought to be committed would thwart the fairness of the hearing, his presence is essential for protection of the person’s due process rights. Id.
In the case sub judice, counsel for the mental patient timely objected to the patient’s absence, but failed to offer a justification for the absence. Moreover, the record is replete with evidence which, even if the patient had testified, would support a judicial commitment. Under these circumstances, I do not see how his absence could thwart the fairness of the hearing.
Accordingly, I concur for these additional reasons.